IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHARLES HILL, ) | No. C 12-5008 LHK (PR) |
| ) | |
| Plaintiff, ) | ORDER OF DISMISSAL WITH |
| ) | LEAVE TO AMEND |
| vs. ) | |
| ) | |
| ) | |
| DEPARTMENT OF JUSTICE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 392-97 (1971). Plaintiff's motion to proceed in forma pauperis is DENIED in a separate order. For the reasons below, Plaintiff's complaint is DISMISSED with leave to amend.

## DISCUSSION

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §

Order of Dismissal With Leave to Amend
G:\PRO-SE\SJ.LHK\CR.12\Hill008dwla.wpd

1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

B.      Legal Claims

In his complaint, Plaintiff alleges that, on June 19, 2006, while he was a criminal defendant in *United States v. Hill*, No. 04-40052 DLJ, the parties stipulated that Plaintiff would be transported by the United States Marshal Service from Santa Rita Jail to Highland Hospital in Oakland, California, either on June 19, 2006, or June 20, 2006, to visit his mother for at least one hour. Plaintiff states that he was unaware of this stipulated order until more than three years after the fact. According to Plaintiff's supporting exhibits, Plaintiff's mother passed away on April 25, 2007.

Plaintiff sues Charles Plummer, the Warden of the Santa Rita Jail, who had control over Plaintiff in June 2006; Lewis Davis, the Assistant United States Attorney assigned to prosecute Plaintiff's criminal case; and Julie Salamon, Plaintiff's defense counsel.

Plaintiff also lists the Department of Justice, the United States Marshal Service, and Santa Rita County Jail as Defendants in the caption of his complaint. However, Plaintiff fails to link them to any of his allegations. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (stating that, in order to state a claim, a plaintiff must show that defendants proximately caused the deprivation of a federally protected right). In addition, both the Department of Justice and the United States Marshal Service are immune from suit. *See FDIC v. Meyer*, 510 U.S. 471, 485-86 (1994) (holding that sovereign immunity bars a *Bivens* action against the federal government or its agencies). Further, Plaintiff fails to allege that the Santa Rita County Jail violated his constitutional rights and subsequently caused him harm pursuant to some policy or custom, as is required to state a claim against local governments. *See Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 681 (9th Cir. 1984). Thus, Defendants

1  Department of Justice, the United States Marshal Service, and Santa Rita County Jail are
2  DISMISSED with prejudice.
3       Defendant Julie Salamon, Plaintiff's criminal defense counsel, is also DISMISSED with
4  prejudice. Attorneys in private practice are not state actors. *See Simmons v. Sacramento County*
5  *Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also Kimes v. Stone*, 84 F.3d 1121,
6  1126 (9th Cir. 1996) (attorneys are private actors). Services performed by a private attorney in
7  connection with a lawsuit do not constitute action under color of state law. *See Franklin v.*
8  *Oregon*, 662 F.2d 1337, 1345 (9th Cir. 1981). Thus, because Defendant Julie Salamon is not a
9  state actor, she is DISMISSED with prejudice from this action.
10      With regard to substance of the complaint, Section 1983 plainly requires that there be an
11 actual connection or link between the actions of the Defendants and the deprivation alleged to
12 have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658
13 (1978). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a
14 constitutional right, within the meaning of section 1983, if he does an affirmative act,
15 participates in another's affirmative acts or omits to perform an act which he is legally required
16 to do that causes the deprivation of which the complaint is made." *Johnson v. Duffy*, 588 F.2d
17 740, 743 (9th Cir. 1978). Plaintiff must allege with at least some degree of particularity overt
18 acts which Defendants engaged in that support Plaintiff's claim. *Id.* Even at the pleading stage,
19 "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was
20 personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193,
21 1194 (9th Cir. 1998). Either personal involvement or integral participation of the officers in the
22 alleged constitutional violation is required before liability may be imposed; liability may not be
23 imposed based solely on an officer's presence during the incident. *See Hopkins v. Bonvicino*,
24 573 F.3d 752, 769-70 (9th Cir. 2009). As Plaintiff's complaint currently reads, Plaintiff has
25 failed to allege any causal connection between the actions of Defendants and the harms allegedly
26 suffered by Plaintiff.
27      Further, the allegations in Plaintiff's complaint are conclusory. The complaint does not
28 contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal

Order of Dismissal With Leave to Amend
G:\PRO-SE\SJ.LHK\CR.12\Hill008dwla.wpd        3

Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff asserts that Defendants violated his right to due process and his right against cruel and unusual punishment. However, "a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted).

Thus, Plaintiff's complaint is DISMISSED. However, Plaintiff will be given an opportunity to amend his complaint to cure these deficiencies if he can do so in good faith.

## CONCLUSION

1. Defendants Department of Justice, the United States Marshal Service, Santa Rita County Jail, and Julie Salamon are DISMISSED with prejudice.

2. The complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed to cure the deficiencies described above. The amended complaint must include the caption and civil case number used in this order (C 12-5008 LHK (PR)) and the words AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file an amended complaint within thirty days and in accordance with this order will result in dismissal of this action.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a

1 timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
2 pursuant to Federal Rule of Civil Procedure 41(b).
3     IT IS SO ORDERED.
4 DATED: 11/21/12

*Lucy H. Koh*
LUCY H. KOH
United States District Judge