IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHARLES HILL, | No. C 12-5008 LHK (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | |
| DEPARTMENT OF JUSTICE, et al., | |
| Defendants. | |

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 392-97 (1971). Plaintiff has paid the filing fee. On November 21, 2012, the Court screened Plaintiff's complaint, and dismissed it with leave to amend. On December 14, 2012, Plaintiff filed a motion for leave to amend his complaint, and his amended complaint. For the reasons that follow, the Court DISMISSES the amended complaint with leave to amend.

**DISCUSSION**

A. <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

1  seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §

2  1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*

3  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

4        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

5  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

6  the alleged deprivation was committed by a person acting under the color of state law.  *West v.*

7  *Atkins*, 487 U.S. 42, 48 (1988).

8  B.    <u>Legal Claims</u>

9        In his amended complaint, Plaintiff alleges that, on June 19, 2006, while he was a

10 criminal defendant in *United States v. Hill*, No. 04-40052 DLJ, Defendants Lewis Davis,

11 Assistant United States Attorney ("AUSA"), and Julie Salamon, defense counsel, stipulated that

12 Plaintiff would be transported by the United States Marshal Service from Santa Rita Jail to

13 Highland Hospital in Oakland, California, either on June 19, 2006, or June 20, 2006, to visit his

14 mother for at least one hour.  Plaintiff states that he was unaware of this stipulated order until

15 more than three years after the fact.  Plaintiff's mother passed away on April 25, 2007.  Plaintiff

16 sues Charles Plummer, the Warden of the Santa Rita Jail, who had control over Plaintiff in June

17 2006; AUSA Davis, assigned to prosecute Plaintiff's criminal case; and Julie Salamon,

18 Plaintiff's defense counsel.

19       The Court previously dismissed Julie Salamon with prejudice, noting that attorneys in

20 private practice are not state actors.  *See Simmons v. Sacramento County Superior Court*, 318

21 F.3d 1156, 1161 (9th Cir. 2003); *see also Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996)

22 (attorneys are private actors).  Action under color of state law can be found if a plaintiff can

23 plead and prove facts which show that a defense attorney conspired with state officials.  *See*

24 *Tower v. Glover*, 467 U.S. 914, 919-20 (1984).  However, Plaintiff has not done so.

25       Plaintiff states that the Defendants were involved in a "civil conspiracy to deny . . .

26 constitutional rights," however, Plaintiff does not specify what constitutional rights were

27 affected.  A civil conspiracy is a combination of two or more persons who, by some concerted

28 action, intend to accomplish some unlawful objective for the purpose of harming another which

1  results in damage. *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999). Further,
2  conspiracy is not itself a constitutional tort under 42 U.S.C. § 1983. *Lacey v. Maricopa County*,
3  693 F.3d 896, 935 (9th Cir. 2012) (en banc). It does not enlarge the nature of the claims asserted
4  by the plaintiff, as there must always be an underlying constitutional violation. *Id.* Here,
5  Plaintiff does not even assert that Defendants reached some sort of agreement to prevent
6  Plaintiff's visitation. Thus, his conspiracy claim fails to state a claim for relief and is
7  DISMISSED.
8  　　　　In addition, assuming that AUSA Lewis is not immune from suit, *see Imbler v.*
9  *Pachtman*, 424 U.S. 409, 430-31 (1976) (noting that a state prosecuting attorney is absolutely
10  immune from suit when he is "pursuing a criminal prosecution" insofar as he acts within his role
11  as an "advocate for the State" and his actions are "intimately associated with the judicial phase
12  of the criminal process"), Plaintiff has not stated facts sufficient to link AUSA Lewis with any
13  constitutional violation. The Court has already warned Plaintiff once that he must properly link
14  each Defendant to his allegations. Even at the pleading stage, "[a] plaintiff must allege facts, not
15  simply conclusions, that show that an individual was personally involved in the deprivation of
16  his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Either personal
17  involvement or integral participation of the officers in the alleged constitutional violation is
18  required before liability may be imposed; liability may not be imposed based solely on an
19  officer's presence during the incident. *See Hopkins v. Bonvicino*, 573 F.3d 752, 769-70 (9th Cir.
20  2009).
21  　　　　As Plaintiff's amended complaint currently reads, Plaintiff has failed to allege any causal
22  connection between the actions of the Defendants and the harms allegedly suffered by Plaintiff.
23  For example, Plaintiff merely states that Defendant Charles Plummer was the Warden of the
24  Santa Rita County Jail when Plaintiff was housed there in 2006. Plaintiff further claims that
25  AUSA Lewis had some unspecified responsibility to ensure that the Judge's order to permit
26  Plaintiff to visit his mother be carried out. Plaintiff has not alleged that either Defendant caused
27  or was somehow responsible for the failure in transporting Plaintiff to visit his mother, or what
28  constitutional right either of them violated. The Ninth Circuit has held that "[a] person 'subjects'

1  another to the deprivation of a constitutional right, within the meaning of section 1983, if he does
2  an affirmative act, participates in another's affirmative acts or omits to perform an act which he
3  is legally required to do that causes the deprivation of which the complaint is made." *Johnson v.*
4  *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff must allege with at least some degree of
5  particularity overt acts which Defendants engaged in that support Plaintiff's claim.  *Id.*  Liability
6  may not be imposed based solely on an officer's presence during the incident.  *See Hopkins v.*
7  *Bonvicino*, 573 F.3d 752, 769-70 (9th Cir. 2009).  Plaintiff is reminded that his "obligation to
8  provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions,
9  and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual
10 allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*
11 *Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted).

12       To the extent Plaintiff wishes to raise a claim that Defendants somehow violated the Free
13 Exercise Clause because Plaintiff's mother wrote to him about religious ideals, he fails to state a
14 claim.  Plaintiff has not alleged that any Defendant burdened the practice of Plaintiff's religion
15 without any justification reasonably related to legitimate penological interests.  *See Shakur v.*
16 *Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008).  That is, Plaintiff does not aver that Defendants'
17 actions impinged on his ability to practice his religion.

18       Thus, Plaintiff's complaint is DISMISSED.  However, Plaintiff will be given one final
19 opportunity to amend his complaint to cure these deficiencies if he can do so in good faith.

## CONCLUSION

21     1.    The amended complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff
22 shall file a SECOND AMENDED COMPLAINT within **thirty days** from the date this order is
23 filed to cure the deficiencies described above.  The second amended complaint must include the
24 caption and civil case number used in this order (C 12-5008 LHK (PR)) and the words SECOND
25 AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate material from the
26 prior complaint by reference.  **Failure to file a second amended complaint within thirty days**
27 **and in accordance with this order will result in dismissal of this action.**
28

Order of Dismissal With Leave to Amend
G:\PRO-SE\SJ.LHK\CR.12\Hill008dwla2.wpd     4

1    2.	Plaintiff is advised that an amended complaint supersedes the original complaint.
2  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
3  in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).
4  Defendants not named in an amended complaint are no longer defendants. *See Ferdik v.*
5  *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

6    3.	It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
7  and all parties informed of any change of address and must comply with the Court's orders in a
8  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
9  pursuant to Federal Rule of Civil Procedure 41(b).

10   IT IS SO ORDERED.
11   DATED: 2/6/13

LUCY H. KOH
United States District Judge