IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID CHARLES HILL, | ) | No. C 12-5008 LHK (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL |
| vs. | ) ) ) | |
| LEWIS DAVIS, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a federal prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 392-97 (1971). Plaintiff has paid the filing fee. On November 21, 2012, the Court screened Plaintiff's complaint, and dismissed it with leave to amend. On December 14, 2012, Plaintiff filed his amended complaint, which the Court again dismissed with leave to amend. On May 1, 2013, Plaintiff filed a second amended complaint. For the reasons that follow, the Court DISMISSES the second amended complaint with prejudice.

**DISCUSSION**

A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss

Order of Dismissal
G:\PRO-SE\LHK\CR.12\Hill008dis.wpd

any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). With respect to a *Bivens* action, a private right of action may be implied from the Constitution itself for allegations of constitutional violations made against federal employees or their agents. *See Bivens*, 403 U.S. at 392-97.

B. <u>Legal Claims</u>

In his second amended complaint, Plaintiff alleges that, on June 19, 2006, while he was a criminal defendant in *United States v. Hill*, No. 04-40052 DLJ, Defendants Lewis Davis, Assistant United States Attorney ("AUSA"), and Julie Salamon, defense counsel, stipulated that Plaintiff would be transported by the United States Marshal Service from Santa Rita Jail to Highland Hospital in Oakland, California, either on June 19, 2006, or June 20, 2006, to visit his mother for at least one hour. Plaintiff states that he was unaware of this stipulated order until more than three years after the fact. Plaintiff's mother passed away on April 25, 2007. Plaintiff sues Charles Plummer, the Warden of the Santa Rita Jail, who had control over Plaintiff in June 2006; AUSA Davis, assigned to prosecute Plaintiff's criminal case; and Julie Salamon, Plaintiff's defense counsel.

The Court, having previously dismissed Julie Salamon twice with prejudice, does so for a third time and will not repeat its reasons in this order.

Plaintiff again states that the Defendants were involved in a civil conspiracy to deny Plaintiff's constitutional rights, however, Plaintiff again fails to allege that any of the Defendants inteded to accomplish some unlawful objective. Thus, even after being given an opportunity to amend this conspiracy claim, Plaintiff has failed to state a claim for relief. The conspiracy claim is DISMISSED, and the Court finds that further leave to amend would be futile.

1  As Plaintiff's second amended complaint currently reads, and as the Court explained in
2  its previous dismissal order, Plaintiff has again failed to allege any causal connection between
3  any wrongful actions of the named Defendants and the harms allegedly suffered by Plaintiff.
4  Thus, Plaintiff's second amended complaint is DISMISSED without leave to amend as Plaintiff
5  has already been provided opportunities to amend and it is clear no amount of amendment will
6  cure the deficiencies the Court has repeatedly identified.

## CONCLUSION

Plaintiff's second amended complaint is DISMISSED with prejudice. The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 7/15/13

_____
LUCY H. KOH
United States District Judge

Order of Dismissal
G:\PRO-SE\LHK\CR.12\Hill008dis.wpd             3